### LUCIANO PONCIO v. THE STATE.

#### No. 3141. Decided October 19.

Carrying Arms into Jail, etc.—Evidence.—See the opinion for the substance of evidence *held* insufficient to support a conviction under article 210 of the Penal Code for "conveying a knife into the county jail to aid the escape of a prisoner, said knife being useful," etc., because insufficient to establish either the unlawful intent or the alleged "useful" character of the knife.

APPEAL from the District Court of Live Oak. Tried below before Hon. D. P. Marr.

The opinion discloses the case. The penalty assessed against the appellant was a term of two years in the penitentiary.

J. C. *Cade* and F. H. *Church*, for appellant.

W. L. *Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant has been convicted upon an indictment which charged him with conveying into the county jail "an

instrument, that is, one certain knife, the same being useful to aid T. Venturo, a prisoner, then and there lawfully detained in said jail on an accusation of felony, in escaping from said jail, and with the intent then and there to facilitate the escape of said T. Venturo, so lawfully detained in said jail." This indictment was based upon article 210 of the Penal Code.

The evidence showed the knife thrown into jail by the defendant was "a common pocket knife, large but old, with two blades, a large and a small one." There is no evidence going to show how such a knife was useful or could be used by the prisoner in effecting his escape from said jail, and there is no evidence that the prisoner ever attempted to use it for such a purpose. The knife was simply found by the jailer in the possession of the prisoner Venturo. Venturo, who testified as a witness for the State, says the defendant came to the jail one evening; that he asked him for his knife; that defendant threw it up into the jail to him; that he did not tell defendant what he wanted with the knife, and that defendant, after throwing him the knife, went immediately away without saying anything. Defendant, who testified in the case, denied that the knife was his, and denied having given it to Venturo.

If we accept Venturo's statement as true, then in our opinion the evidence is wholly insufficient to support the conviction, both as to the criminal intent of the defendant and the fact that the knife was useful to aid the prisoner to escape.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Hurt, J., absent.